[No. 2558.    Sept. 29, 1922.]

## JOHNSON v. DOWNS et al.

### SYLLABUS BY THE COURT

(1)    The findings of the trial court will not be disturbed when supported by substantial evidence.    P. 211

(2)    An amendment of the pleadings in this court can be allowed only when such an amendment would not change the issues between the parties.    P. 211

Appeal from Dictrict Court, Chaves County; Brice, Judge.

Action by Laura E. Johnson, as administratrix of the estate of W. A. Johnson, deceased, against J. H. Downs and another.    Judgment for the plaintiff, and defendants appeal.    Affirmed.

R. D. Bowers and J. D. Mell, both of Roswell, for appellants.

Hiram M. Dow, of Roswell, for appellee.

### OPINION OF THE COURT

PARKER, J.    Appellee agreed in writing to sell appellants 1,600 ewes at $12 per head and 300 yearling wethers at $7 per head f. o. b. Pecos, Tex., and appellants agreed to buy the same.    The contract, among other things, provided:

It is further understood and agreed that at the time of delivery of said sheep, the second parties shall have the right and privilege to put back and refuse to receive any broken-mouthed or spread-teeth sheep, or any cripples or unmerchantable sheep.

It is further understood and agreed that the parties of the second part have this day executed and delivered unto party of the first part their promissory note for $3,000, payable to party of the first part on demand, which said note evidences the payment of said $3,000 as a part of the purchase price for said sheep and as earnest money by virtue thereof.

The note mentioned in the contract was executed and delivered to appellee.    The parties thereafter disagreed as to the quality of the sheep, and they were never delivered.    Thereupon this action was brought on

the note in usual form.   Appellants answered, admitting the execution of the note, but denying that anything was due on the same.   They made no reference to the fact, however, that the note was the note mentioned and provided for in the contract, and they pleaded no failure of consideraton. Appellants pleaded further by way of cross-complaint that appellee had breached the contract by refusal to allow appellants to make a proper cut of the sheep so as to exclude from delivery the unmerchantable sheep,and prayed for damages for $600, expenses incurred in endeavoring to receive the sheep, and $2 per head for loss of profits on the sheep.   The case was tried to the court, and resulted in a judgment against the appellants for the amount of the note and interest, from which judgment this appeal was taken.

[1]   The appellants failed upon their cross-complaint upon the facts. The court found specifically that, not the appellee, but the appellants, breached the contract by refusing to cut the sheep according to terms of the contract, and that they therefore could not recover on their cross-complaint.   We have examined the record, and find from the testimony that the court's findings were amply sustained by the proofs, in which case, of course, they will not be disturbed.

[2]   At the close of the case counsel asked leave to amend appellants' answer to the complaint on the note by adding to the last paragraph, which alleged there was nothing due, the words "because of the failure of the consideration for which said note was given," which application was denied by the court upon the ground that this would introduce a new issue between the parties which had never been litigated and could not be allowed.   Counsel asked this court, in their briefs, to so amend the answer, and invoked the doctrine of Canavan v. Canavan, 17 N. M. 503, 131 Pac. 493, Ann. Cas. 1915B, 1064.   An examination of that case, however, at once discloses that it has no application here.   In that case, the defect in the pleading was a failure to allege residence of the plaintiff. But the partes both testified and admitted the required residence of the plaintiff,

and we held, under such a state of facts, that the complaint should be amended in this court, as the issues would not thereby be changed. In the case at bar, however, an amendment as desired would change the whole theory of the case and the issues between the parties. The appellee was never confronted by any pleading in the court below with the proposition that, the sale of the sheep never having been consummated, there was no right of action on the note as such, or that his remedy was an action for damages for the difference between the market value and the contract price of the sheep. The pleading and the proofs in regard to the contract and its breach and the consequent loss to the appellants were put forward upon the theory that they had a cause of action against the appellee for breach of the contract for more than sufficient to offset the amount due on the note. Under such circumstances appellants have no right to have their answer amended.

It follows that the judgment of the court below is correct, and should be affirmed; and it is so ordered.

RAYNOLDS, C. J., concurs.