648 P.2d 815

**Marjorie BOWMAN, Personal Representative of the Estate of Edith E. Tyler, Plaintiff-Appellee,**

v.

**Jinx BUTLER, Personal Representative of the Estate of Clyde Tyler, Defendant-Appellant.**

No. 5638.

Court of Appeals of New Mexico.

July 1, 1982.

C. LeRoy Hansen, John P. Massey, Civerolo, Hansen & Wolf, P.A., Albuquerque, for defendant-appellant.

William J. Darling, Eaves & Darling, P.A., Albuquerque, for plaintiff-appellee.

## OPINION

DONNELLY, Judge.

This action arises from a lawsuit filed by the personal representative of the deceased wife's estate against the personal representative of the deceased husband's estate. We granted defendant's application for an interlocutory appeal to consider the applicability of § 45-3-803, N.M.S.A.1978, to the following facts.

Marjorie Bowman, in her capacity as personal representative of the estate of Edith Tyler, deceased, (wife's estate), filed suit against Jinx Butler, the personal representative of the estate of Clyde Tyler, deceased, (husband's estate), alleging that the deceased wife, at the time of her death on December 16, 1980, was possessed of certain items consisting of her sole and separate property. Plaintiff alleged that the husband, in his capacity as personal representative of his wife's estate, wrongfully converted property of the wife, including miscellaneous jewelry, $75,000.00 in proceeds from the sale of an emerald ring and funds derived from the sale of bank stocks and mineral leases.

Following the appointment and qualification of the husband as the personal representative of his wife's estate and prior to the completion of the administration of his wife's estate, the husband died on March 1, 1981. At the time of his death, the husband had not yet filed an inventory in his wife's estate, but had posted a $100,000.00 bond to secure the faithful performance of his duties as administrator. Subsequent to the death of the husband, Marjorie Bowman, the wife's daughter, was appointed on May 20, 1981 as the successor personal representative of her mother's estate.

Probate proceedings of the husband's estate were commenced in the District Court of Bernalillo County, and Jinx Butler was duly appointed to serve as the personal representative of the husband's estate and to administer his last will and testament. In her capacity as personal representative of the husband's estate, Jinx Butler filed a notice to creditors, which was duly published in a legal newspaper in Bernalillo County on March 13 and 20, 1981. Neither Jinx Butler nor Marjorie Bowman were related by blood to Clyde Tyler. Jinx Butler was designated under the last will and testament of Clyde Tyler as the sole beneficiary of his estate.

Plaintiff filed suit on June 11, 1981 in the District Court of Bernalillo County against defendant. Defendant denied the allegations of any wrongful conduct on the part of the deceased husband in his capacity as personal representative of the wife's estate. Subsequently, defendant moved for judgment on the pleadings and summary judgment, on the ground that the non-claim statute, § 45-3-803(A)(1), *supra*, barred the claim, since the action was not filed within two months. The trial court denied defendant's motion for summary judgment and judgment on the pleadings. We affirm.

Defendant raises three points which we discuss jointly: (1) plaintiff's claim for damages, as set forth in her complaint, constitute the type of claim subject to the provisions of § 45-3-803(A)(1); (2) § 45-3-803(A)(1) is an absolute bar to the claim against the husband's estate because of untimely filing; and (3) the operation of § 45-3-803(A)(1) was not tolled by the fact

that plaintiff's appointment as personal representative of the wife's estate did not occur until after the expiration of the statutory time limit for the filing of claims.

Defendant asserts that the notice to creditors, required by § 45-3-801, N.M.S.A. 1978, and first published on March 13, 1981 in the husband's estate, had the effect of beginning the time period within which claims against his estate must be filed, and that plaintiff's lawsuit, commenced on June 11, 1981, was barred under the provisions of § 45-3-803(A)(1), *supra*, because it was filed more than 60 days after the date of the first publication of notice to creditors.

Plaintiff contends that the non-claim statute is not controlling because the bar provided by § 45-3-803(A)(1) is subject to certain applicable exceptions. Plaintiff also contends that the statute was tolled because the order appointing her as successor personal representative in the wife's estate was not entered until May 20, 1981, which was 68 days after the date of the first publication to creditors in the husband's estate.

The non-claim statute of the Probate Code, § 45-3-803, *supra*, specifies in pertinent part:

A. All claims against a decedent's estate *which arose before the death of the decedent*, ... whether due or to become due, absolute or contingent, liquidated or unliquidated, founded on contract, *tort* or other legal basis, if not barred earlier by other statutes of limitations, are barred against the estate, the personal representative and the heirs and devisees of the decedent, unless presented as follows:

(1) within two months after the date of the first publication of notice to creditors if notice is given in compliance with Section 3-801 [45-3-801 NMSA 1978] ...; or

(2) within three years after the decedent's death, if notice to creditors has not been published.

B. All claims against a decedent's estate *which arise at or after the* death of the decedent, ... whether due or to become due, absolute or contingent, liqui-

dated or unliquidated, founded on contract, tort or other legal basis, are barred against the estate, the personal representative and the heirs and devisees of the decedent, unless presented as follows:

(1) a claim based on a contract with the personal representative, within four months after performance by the personal representative is due; and

(2) any other claim, within four months after it arises.

C. Nothing in this section affects or prevents:

(1) any proceeding to enforce any mortgage, pledge or other lien upon property of the estate; or

(2) to the limits of the insurance protection only, any proceeding to establish liability of the decedent or the personal representative for which he is protected by liability insurance. [Emphasis supplied.]

Defendant asserts that plaintiff's claims against the husband's estate were tort claims, and that plaintiff is a "creditor" and the estate of the deceased husband is a "debtor" within the contemplation of § 45-3-803(A)(1). Defendant further contends that the allegations contained in plaintiff's complaint, and which form the basis for this action, are claims that arose prior to the death of the husband and thus are barred if not filed within two months of the date of the first publication of notice to creditors.

Plaintiff argues that the type of claim asserted by her on behalf of the wife's estate is excepted from the time constraints imposed in the non-claim statute under the provision of § 45-1-201(4), N.M.S.A.1978. This section provides:

"[C]laims," in respect to the estates of decedents ... includes liabilities of the decedent ... whether arising in contract, in tort or otherwise, and liabilities of the estate which arise at or after the death of the decedent or after the appointment of a conservator, including funeral expenses and expenses of administration. The term does not include estate or inheritance taxes, demands or disputes regard-

ing title of a decedent ... to specific assets alleged to be included in the estate ....

Under § 45–1–201(4), plaintiff contends that the nature of the relief requested in her complaint in essence constitutes a claim or dispute relating to the title to property of a decedent, and, hence, the claims were not barred by the provisions of § 45–3–803, *supra*. Alternatively, plaintiff seeks leave to amend her complaint to assert a claim of title to the property listed in her complaint.

■ Plaintiff's complaint did not allege a dispute or claim of title to property to the husband, and amendments that alter or change the theory of a case from that presented to the trial court are not permitted on appeal. *Houston v. Young*, 94 N.M. 308, 610 P.2d 195 (1980); *Johnson v. Downs*, 28 N.M. 210, 210 P. 224 (1922). She further argues that the action is excepted from the non-claim statute under § 45–3–804(B), N.M.S.A.1978, as a matter that would have been claimed in administration of the wife's estate, a proceeding pending at the time of the husband's death.

■ The determinative issue presented is whether the alleged conversion of property by the personal representative is the type of claim which must be filed within *60 days* of the date of first publication of notice to creditors filed in the estate of the husband, or whether a longer period is allowed by law.

Defendant correctly cites the rule that timely filing of claims against a decedent's estate is mandatory, and, if not timely filed, the claims are barred as a matter of law. *In Re Will of Skarda*, 88 N.M. 130, 537 P.2d 1392 (1975); *Matter of Estate of Oney*, 95 N.M. 640, 624 P.2d 1037 (Ct.App.1981). However, we find that the 60-day statute of limitations relied upon by defendant under § 45–3–803(A)(1), *supra*, is not the controlling statutory provision.

The basis for plaintiff's action is for damages for wrongful conversion and breach of fiduciary duty to property belonging to the wife's estate, and seeking replevin from the husband's estate of property alleged to belong to the wife's estate. We hold that the cause of action for conversion, breach of fiduciary duty and right of replevin did not arise until the time of the husband's death.

Under § 45–3–803(B)(1), *supra*, claims against a decedent's estate that "arise *at* or after the death of the decedent" must be filed within four months after performance is due. The claim of plaintiff was timely filed under § 45–3–803(B)(1), *supra*, within four months of the time when performance was due, and the trial court correctly denied defendant's motion on the state of the pleadings below.

In his capacity as personal representative of the wife's estate, the husband was charged with a fiduciary duty toward the heirs of his wife's estate and was obligated by law to take possession of the property and funds belonging to the wife's estate, to protect it and to account for such property to the heirs and the court. This was a duty that did not terminate prior to his death, but was a continuing duty and responsibility that he was charged to uphold under his oath as personal representative and by law up to and at the time of his death. §§ 45–3–711, –3–608, N.M.S.A.1978. Since the husband, as personal representative of his wife's estate, had a continuing fiduciary duty to protect the assets of his wife's estate and to properly account therefor until his appointment was terminated by court order or his death, performance of such duties was due at the time of his death.

■ The husband in his capacity as personal representative of his wife's estate had a lawful right to take possession of the personal assets and funds of his deceased wife. § 45–3–709, N.M.S.A.1978. However, an executor or administrator may be held personally liable under § 45–3–712, N.M.S.A.1978, for any wrongful conversion or appropriation of property, or commingling of assets from a decedent's estate occurring in the course of administering an estate and which results in a loss to the estate. Conversion is defined as the unlawful exercise of dominion and control over personal property belonging to another in exclusion or defiance of the owner's rights,

or acts constituting an unauthorized and injurious use of another's property, or a wrongful detention after demand. *Mine Supply, Incorporated v. Elayer Company*, 75 N.M. 772, 411 P.2d 354 (1966); *Ross v. Lewis*, 23 N.M. 524, 169 P. 468 (1917).

■ Following the death of the husband, his personal representative succeeded to the same fiduciary responsibility as the deceased husband had, as well as the duty to render to the successor personal representative of the wife's estate any property, funds or assets contained in the husband's estate and belonging to the estate of the wife. This duty arises under § 45-3-609, N.M.S. A.1978, which provides in applicable part:

A. The death of a personal representative ... terminates his appointment.

B. Termination by death ... imposes upon the personal representative of the deceased personal representative, ... the duty to protect the estate which has been possessed or is being administered by the personal representative at the time of his termination, and confers the power to perform acts necessary to protect the estate and account for, and deliver the assets to, a successor personal representative or special administrator upon his appointment and qualification.

Upon the appointment of plaintiff as successor personal representative of the estate of the wife, the personal representative of the estate of the husband possessed a clear statutory duty to account for any property belonging to the estate of the wife. The husband's personal representative also had a duty to account for any proceeds from property disposed of by the husband belonging to the estate of the wife and to deliver any such property over to the successor personal representative of the wife's estate.

Plaintiff alleged in her complaint that she "is entitled to recover the stock, the real estate account receivable, the diamond ring and other property that Clyde Tyler converted to his own use." Plaintiff further alleged that she is entitled to recover damages for the conversion of the property which was purportedly wrongfully converted by the husband. As shown by the hus-

band's deposition, taken shortly before his death, he admitted having made a gift to his wife of a platinum engagement ring and stated that certain other jewelry owned by her was still at his home. The husband also admitted in the deposition that he sold an emerald and diamond ring for the sum of $75,000.00, prior to the taking of his deposition. The husband denied, however, that he had given the emerald ring to his wife or that it was the separate property of his wife at the time of her death.

The deposition of Carlton C. Harrington, who had been employed as a certified public accountant for the husband, was also before the trial court. He stated that the husband had made a gift to his wife of shares of Rio Grande Valley Bank stock and that the husband sold both his own bank stock and that of the wife and that certain proceeds from the sale were invested in a certificate of deposit in the name of Clyde Tyler, Jinx Butler and Carlton C. Harrington, in a bank in Juarez, Mexico. In his deposition, Mr. Harrington further testified:

Q: Do you know if Edith Tyler received any property by gift inheritance while she was married to Clyde?

A: Well, Clyde Tyler told me that he gave her a diamond ring. He valued it at $60,000 at the time. He gave her the Valley Bank stock, and he gave her a diamond necklace from what I'm told, cost wholesale $900, or at least it cost that much to make it, ... and various odds and ends of jewelry that they took out of the jewelry store, and I just off hand can't remember what all was involved.

The matters contained in the depositions of the husband and Mr. Harrington, together with the other matters presented to the trial court, were sufficient to show the existence of genuine issues of material fact precluding the granting of summary judgment. If the evidence presented at the hearing on motion for summary judgment is sufficient to create a reasonable doubt as to the existence of genuine issues of material facts, summary judgment is not proper.

**362**

*Pharmaseal Laboratories, Inc. v. Goffe*, 90 N.M. 753, 568 P.2d 589 (1977). Under the allegations contained in plaintiff's complaint, judgment on the pleadings was not appropriate either, since plaintiff properly alleged a right to property wrongfully converted from the wife's estate and damages for breach of fiduciary duty and conversion. § 45–3–712, *supra*; § 45–3–609, *supra*.

■ The non-claim statute, § 45–3–803(C)(2), *supra*, also expressly excepts from its bar claims against a personal representative for alleged wrongful acts committed by him that are covered by insurance. Actions against the deceased husband on his surety bond would thereby be exempted from the time limitations imposed by the non-claim statute. Such a claim would be governed by § 37–1–8, N.M. S.A.1978.

■ Plaintiff was not barred by § 45–3–609, *supra*, from suing for damages for conversion or breach of fiduciary duty resulting in loss to the wife's estate and to replevin property or assets of the wife's estate that are allegedly still held by the husband's estate. Those claims existed *at the time* of the husband's death. The plaintiff's complaint was timely filed.

Finding no error, we affirm the order of the trial court denying defendant's motion for summary judgment and judgment on the pleadings.

IT IS SO ORDERED.

HENDLEY and NEAL, JJ., concur.