In the Matter of the ESTATE OF Marjorie A. VERTIN, Deceased.

Michael J. WELSH, Appellant,

v.

ALUMNI ASSOCIATION OF THE NORTH DAKOTA STATE SCHOOL OF SCIENCE, Appellee.

Civ. No. 11014.

Supreme Court of North Dakota.

Jan. 30, 1986.

Wheeler, Wolf, Peterson, Schmitz, McDonald & Johnson, Bismarck, for appellant Michael J. Welsh; argued by Steve Latham.

Johnson, Johnson, Stokes, Sandberg & Kragness, Wahpeton, for appellee Alumni Ass'n of North Dakota State School of Science; argued by Simone M. Sandberg.

GIERKE, Justice.

Attorney Michael J. Welsh appeals from two county court orders denying him attorney fees in addition to $7,954.98 already allowed him and ordering him to repay to the estate any amount paid him in excess of that amount. We affirm.

On May 25, 1984, the county court ordered the Estate of Marjorie A. Vertin, Deceased, to pay Welsh, one of two attorneys [1] employed by the personal representative to assist in the administration of the

---

1. When the personal representative retained him to assist in the administration of the estate, Welsh advised the personal representative to also retain the services of Attorney R.E.T. Smith to assist in the administration. Smith's services were retained and Smith did the bulk of the legal work involved in the administration of the estate. The trial court allowed the payment of approximately $30,000 for Smith's services in the administration of the estate.

estate, the sum of $7,954.98 "as compensation for services rendered during the probate of the estate." [2] A final report and account filed by the personal representative on February 4, 1985, indicated a disbursement of $10,000 to Welsh for legal fees. An amended final report and account indicated the following disbursements to Welsh:

"legal fees—Paid                    10,000.00
"add'l fees—Unpaid                    4,650.98"

The Alumni Association of the North Dakota State School of Science, residuary devisee under Vertin's will, objected to the amended final account and asserted, among other things:

"c. The amount shown as paid to Michael Welsh of $10,000.00 is $2,045.02 in excess of the Court ordered fees of $7,954.98. Objection is to the excess amount. The additional amount of $4,650.98 to Michael Welsh is objected to as being in excess of the Court ordered amount and as being excessive on its face."

A hearing, at which the personal representative was the only witness to testify, was conducted on April 15, 1985. An almost completely illegible document purporting to be a bill from Welsh in the amount of $1,583.25 "in addition to the amount shown on the final accounting," was received as an exhibit. The court found, among other things, that:

"There was no evidence presented which would justify any payment to Mr. Welsh other that [sic] the $7,954.98 originally allowed. There was nothing to indicate that his services were further required in any matter whatever."

The court ordered that Welsh receive no more than the $7,954.98 originally allowed, that he return any amount paid in excess of that, and that he receive no further attorney fees from the estate. The order was

**2.** An earlier matter involving this estate is reported in *Matter of Estate of Vertin,* 352 N.W.2d

later modified to require repayment no later than May 9, 1985.

Welsh has raised the following issue on appeal:

"Did the trial court abuse its discretion in failing to award Michael J. Welsh attorney's fees for legal services provided to the estate of Marjorie A. Vertin?"

■ As a fiduciary acting on behalf of persons interested in an estate, a personal representative may use estate funds to pay reasonable compensation to persons employed to advise or assist him in the administration of an estate. *See* §§ 30.1–18–03(1) [UPC § 3–703(a) ], 30.1–18–11 [UPC § 3–711], 30.1–18–15(21) [UPC § 3–715(21) ], and 30.1–18–20 [UPC § 3–720], N.D.C.C. The reasonableness of the compensation of any person employed by a personal representative may be reviewed by the court. Section 30.1–18–21 [UPC § 3–721], N.D.C.C. We have recognized a number of factors to be considered in determining the reasonableness of attorney fees. *See, e.g., First Trust Co. of North Dakota v. Conway,* 345 N.W.2d 838 (N.D. 1984); *Matter of Estates of Kjorvestad,* 287 N.W.2d 465 (N.D.1980); *Conway v. Parker,* 250 N.W.2d 266 (N.D.1977); *Hughes v. North Dakota Crime Victims Reparations Bd.,* 246 N.W.2d 774 (N.D. 1976). Implicit in those decisions is a requirement that the attorney have rendered some necessary or beneficial legal services and that there be some evidence that such services were rendered and that the compensation therefor is reasonable.

■ We will not overturn a decision on reasonable attorney fees "absent a clear abuse of discretion." *Matter of Estates of Kjorvestad, supra,* 287 N.W.2d at 470. An abuse of discretion, which is " 'an unreasonable, arbitrary, or unconscionable attitude on the part of the trial court' ∴ never is assumed and must be affirmatively established." *Nygaard v. Robinson,* 341 N.W.2d 349, 360 (N.D.1983).

In our view of the record, there was no evidence, other than the personal representative's unsupported assertions, to show that Welsh rendered any necessary or beneficial services to the estate other than those for which the county court had already ordered the estate to compensate him in the amount of $7,954.98. The trial court was not presented with any evidence upon which to base any additional attorney fees.[3] Under these circumstances, Welsh has not affirmatively established that the court abused its discretion.

The orders appealed from are affirmed.

ERICKSTAD, C.J., and VANDE WALLE, LEVINE and MESCHKE, JJ., concur.

MESCHKE, Justice, concurring specially.

I concur. I write separately only to emphasize effects of this decision as I understand them.

This Court has said before, although in a different context, that "[I]t is the reasonableness of the fee, and not the arrangement the attorney and his client may have agreed upon which is controlling whenever the fee is to be assessed..."; *City of Bismarck v. Thom*, 261 N.W.2d 640 (N.D. 1977). In effect, today's decision reiterates that point because there was no other "evidence upon which to base any additional attorney fees."

There may be circumstances where contemporaneous time records should not be controlling in determining reasonableness of attorney fees, *Cf. City of Bismarck v. Thom*, *supra*, 261 N.W.2d at 647 (Justice Vogel dissenting) and *United Power Association v. Moxness*, 267 N.W.2d 814, 819 (N.D.1978) (Justice Vogel dissenting), but it surely should be understood by now that "the number of hours expended" is an es-

sential and relevant factor. *Thom, supra*, 261 N.W.2d at 646. The effect of absence of contemporaneous time records, or even reasonable reconstructions or estimates of time amounts, ought to be obvious here, even if that may not be the only factor in today's decision.

---

3. Welsh has asserted that under § 30.1–18–21 [U.P.C. § 3–721], N.D.C.C., the burden of proof was upon the Alumni Association to show that the attorney fees were unreasonable. Even without a challenge under § 30.1–18–21, N.D. C.C., however, a personal representative may pay out of the estate only reasonable attorney fees, for which there must be some basis. Be-

cause of our determination that the court was presented with no evidence upon which to base any additional attorney fees and therefore did not abuse its discretion in failing to order the payment of any additional fees, it is unnecessary to decide upon which party the burden of proof rested.