**In the Matter of the ESTATE OF Maurice O'CONNELL, Deceased.**

**ALLAN RUSTAN ESTATE, Petitioner and Appellant,**

v.

**William O'CONNELL, Successor Personal Representative of the Estate of Maurice O'Connell, Deceased, Respondent and Appellee.**

**In the Matter of the ESTATE OF Kathleen O'CONNELL, Deceased.**

**ALLAN RUSTAN ESTATE, Petitioner and Appellant,**

v.

**William O'CONNELL, Successor Personal Representative of the Estate of Kathleen O'Connell, Deceased, Respondent and Appellee.**

Civ. Nos. 910008, 910009.

Supreme Court of North Dakota.

Oct. 7, 1991.

Steven K. Aakre (argued) of Serkland, Lundberg, Erickson, Marcil & McLean, Ltd., Fargo, for petitioner and appellant. Appearance by Jack G. Marcil.

William F. Shore III (argued) of Campana, Vieh & Strohm, Scottsdale, Ariz., Robert J. Snyder (appearance) of Wheeler Wolf, Bismarck, for respondent and appellee.

GIERKE, Justice.

The estate of Allan Rustan appeals from a county court order dismissing as untimely its claim against the estates of Maurice and Kathleen O'Connell for reimbursement of past and future expenses, including attorney fees, incurred in defending a lawsuit brought by the O'Connell heirs against Rustan. We reverse.

Maurice and Kathleen O'Connell were murdered on March 15, 1983. Allan Rustan was appointed personal representative of the estates of Maurice and Kathleen on April 28, 1983, and notice to creditors was completed on May 19, 1983. The estates had a combined value of more than $11 million. Maurice and Kathleen's adult children, Elisabeth O'Connell, Michael B. O'Connell, William P. O'Connell, and Joseph W. O'Connell, are the heirs of the estates. In October 1987 Rustan filed an accounting report of administration with the county court and requested an order settling, allowing, and approving the account, including all actions of the personal representative covered in the report. The O'Connell heirs objected to the accounting in April 1988 and asked that the court abstain from approving the accountings and actions of the personal representative

because they planned on filing a complaint against Rustan in federal district court.

On May 13, 1988, Rustan was served with the complaint in the federal district court action brought by the O'Connell heirs. The complaint alleged that Rustan, as personal representative and trustee of the estates, and others violated the Racketeer Influenced and Corrupt Organizations Act of 1970 and the Securities and Exchange Act of 1934. The heirs also asserted that Rustan committed fraud, conspiracy, breach of fiduciary duties, bad faith, and negligence in administering the estates.

On May 28, 1990, while the federal court suit was pending, Rustan died. Although the O'Connell heirs had petitioned the county court in January 1990 to remove Rustan as personal representative of the estates, the county court had not acted on the petition at the time of Rustan's death. William O'Connell became successor personal representative of the estates.

On June 20, 1990, approximately three weeks after Rustan's death, Rustan's estate submitted a "claim" against the estates of Maurice and Kathleen. Rustan's estate requested reimbursement of $141,-418.46 for necessary expenses and disbursements, including reasonable attorney fees, incurred to the date of Rustan's death in defending the federal court action brought by the O'Connell heirs. Rustan's estate sought additional sums which would become due in the future as the litigation continued. Rustan's estate also sought $30,000 as "reasonable compensation" for additional time and services incurred by Rustan in responding to requests for information by the O'Connell heirs.

The O'Connell estates disallowed the Rustan estate's claim and moved to dismiss the claim on the basis that it failed to state a claim upon which relief could be granted. The county court granted the motion. The court concluded that the Rustan estate's claim constituted a claim against the O'Connell estates which arose after the deaths of Maurice and Kathleen and was therefore subject to the non-claim provisions of § 30.1–19–03 [U.P.C. § 3–803],

N.D.C.C. The court reasoned that the claim arose on May 13, 1988, the date Rustan was served with the O'Connell heirs' federal court action against him, and, because the claim was not filed within 90 days of that date, the claim was barred under § 30.1–19–03(2). The court ordered partial distribution of the remainder of the estates' assets, retaining $50,000. Determining that "all matters have been resolved in the probate proceeding regarding Rustan's legal fees and no just cause or reason exists for delay of entry of judgement [sic] in respect to that calim [sic] for attorney fees," the court entered a Rule 54(b), N.D.R.Civ.P., certification. These appeals followed.

The O'Connell estates assert that the county court correctly dismissed the Rustan estate's claim because it was untimely under § 30.1–19–03(2)(b), which provides:

"*30.1–19–03. (3–803) Limitations on presentation of claims.*

\* \* \* \* \* \*

"2. All claims against a decedent's estate which arise at or after the death of the decedent, including claims of the state and any subdivision thereof, whether due or to become due, absolute or contingent, liquidated or unliquidated, founded on contract, tort, or other legal basis, are barred against the estate, the personal representative, and the heirs and devisees of the decedent, unless presented as follows:

\* \* \* \* \* \*

"b. Any other claim, within three months after it arises."

Section 30.1–01–06(5) [U.P.C. § 1–201], provides that "unless the context otherwise requires ... 'Claims', in respect to estates of decedents ... includes ... expenses of administration." The O'Connell estates assert that attorney fees incurred for necessary services involved in administering an estate are "expenses of administration," and are therefore subject to the non-claim statute. Furthermore, the O'Connell estates assert that because Rustan knew he would incur future attorney fees in defending the federal court action when he was

served with the complaint on May 13, 1988, Rustan's failure to file a claim with the estates within three months after that date bars consideration of the claim under the non-claim statute. We reject this argument.

As a fiduciary acting on behalf of persons interested in an estate, a personal representative may use estate funds to pay reasonable compensation to persons employed to advise or assist him in the administration of an estate. *Matter of Estate of Vertin*, 381 N.W.2d 199, 200 (N.D.1986). A personal representative is also entitled to reasonable compensation for services rendered. *Matter of Estate of Ridl*, 455 N.W.2d 188, 192 (N.D.1990); Section 30.1–18–19 [U.P.C. § 3–719], N.D.C.C. Under § 30.1–18–15(18) and (21) [U.P.C. § 3–715], N.D.C.C., a personal representative is empowered to employ attorneys to assist in administration and to "[p]ay ... compensation of the personal representative, and other expenses incident to the administration of the estate." This compensation includes reasonable attorney fees to defend or prosecute any proceeding in good faith. *Matter of Estate of Kjorvestad*, 375 N.W.2d 160, 170 (N.D.1985). Section 30.1–18–20 [U.P.C. § 3–720], N.D.C.C., provides:

> "*30.1–18–20 (3–720). Expenses in estate litigation.*—If any personal representative or person nominated as personal representative defends or prosecutes any proceeding in good faith, whether successful or not, he is entitled to receive from the estate his necessary expenses and disbursements, including reasonable attorneys' fees incurred."

We have said that a "personal representative may be reimbursed for expenses that have been paid or, 'subject to approval of the probate court, *payment may be made directly to the attorney out of the estate.*'" *First Trust Co. of North Dakota v. Conway*, 345 N.W.2d 838, 843 (N.D.1984) (Emphasis in original) [quoting *Conway v. Parker*, 250 N.W.2d 266, 273 (N.D.1977)]. Any compensation thus paid may be challenged by an interested person under § 30.1–18–21 [U.P.C. § 3–721], which provides:

> "*30.1–18–21. (3–721) Proceedings for review of employment of agents and compensation of personal representatives and employees of estate.* After notice to all interested persons, or on petition of an interested person, or on appropriate motion if administration is supervised, the propriety of employment of any person by a personal representative including any attorney, auditor, investment adviser, or other specialized agent or assistant, the reasonableness of the compensation of any person so employed, or the reasonableness of the compensation determined by the personal representative for that person's own services, including services rendered as attorney, may be reviewed by the court. If the amount of attorneys' fees is based upon the value of the decedent's estate, the fee agreement must be in writing and mailed to all parties who are heirs of the estate pursuant to the last will and testament of the decedent. If the decedent died intestate, notice must be provided to all heirs of the estate in accordance with chapter 30.1–03. Any person who has received excessive compensation from an estate for services rendered may be ordered to make appropriate refunds."

Thus, under these provisions, Rustan had the authority to reimburse himself or to pay the attorney fees from estate assets subject to a challenge by an interested person and a subsequent hearing under § 30.1–18–21.

We agree with the Rustan estate that the strict time limits under the non-claim statute do not apply under these circumstances. First, Chapter 30.1–19 is a general provision relating to all "creditors' claims," while Chapter 30.1–18 specifically covers reimbursement for allowable expenses within the context of "powers and duties of personal representatives." In construing statutes, specific provisions prevail over general provisions relating to the same subject matter, absent a manifestation of legislative intent to the contrary. *Cass County Electric Co-op. v. N.S.P.*, 419 N.W.2d 181, 186 (N.D.1988); *Mid–America*

*Real Estate and Investment Corp. v. Lund,* 353 N.W.2d 286, 289–290 (N.D.1984). Section 30.1–01–06(5), N.D.C.C., which defines "claims" as including "expenses of administration," is prefaced with the phrase, "unless the context otherwise requires." Here, the "context otherwise requires" because the specific provisions governing reimbursement for allowable expenses of a personal representative prevail over the general provisions governing creditors' claims.[1]

Moreover, if we were to adopt the argument of the O'Connell estates, a ludicrous result would follow exalting form over substance. Under the provisions of Chapter 30.1–18, Rustan was entitled to compensate himself and the attorneys employed in administering the estate, subject, of course, to an interested party's right to challenge the compensation under § 30.1–18–21. Under the O'Connell heirs' interpretation, Rustan would have been required to present a claim to himself within three months after being served the complaint in the federal court action. We have recognized that presentation of claims under § 30.1–19–04 [U.P.C. § 3–804], N.D.C.C., "simply denotes notice of the claim to the personal representative." *Nickisch–Ressler Funeral Home, Inc. v. Romanick,* 450 N.W.2d 416, 417 (N.D.1990). Surely, Rustan had notice of his own "claim" for attorney fees within three months of service of the complaint without going through the formalistic act of presenting a "claim" to himself.

The dispute in this case is necessarily the consequence of Rustan's death while still serving as personal representative of the O'Connell estates and while expenses of

defending the federal court action continued to accrue. Within three weeks after his death, the Rustan estate promptly submitted a "claim" for these expenses with the successor personal representative of the O'Connell estates. *See generally Bowman v. Butler,* 98 N.M. 357, 648 P.2d 815 (Ct.App.1982). The Rustan estate's characterization of these expenses as a "claim" rather than a "reimbursement" request for legal expenses incurred by the personal representative does not bar their compensability. We conclude that the county court erred in ruling that the Rustan estate's "claim" was barred by the non-claim provisions of § 30.1–19–03.

Whether the Rustan estate is entitled to reimbursement for the expenses of defending the federal court lawsuit under § 30.1–18–20 is not before us in this appeal. Resolution of this issue must necessarily await the outcome of the federal court lawsuit and subsequent hearing before the county court under § 30.1–18–21. *See generally Matter of Estate of Honerud,* 326 N.W.2d 95 (N.D.1982). We hold only that the Rustan estate's request for legal expenses is not time barred.

Accordingly, the county court order of dismissal is reversed.

ERICKSTAD, C.J., and VANDE WALLE, LEVINE and MESCHKE, JJ., concur.

---

1. We note that § 3–803 of the Uniform Probate Code was amended in 1989 to remove "collection of compensation for services rendered and reimbursement for expenses advanced by the personal representative or by the attorney or accountant for the personal representative of the estate" from the purview of the non-claim statute. U.P.C. § 3–803(d)(3).