1998-NMCA-122

965 P.2d 933

**Glenn E. HARRELL, Individually and as Personal Representative of the Estate of Maureen V. Hayes, Plaintiff–Appellant,**

v.

**Fred Lee HAYES and Mary Virginia Rector, Defendants–Appellees,**

and

**Janis D. Rogers and Elizabeth M. Fisher, Defendants.**

No. 18416.

Court of Appeals of New Mexico.

July 22, 1998.

Kevin T. Riedel, Modrall, Sperling, Roehl, Harris & Sisk, P.A., Las Cruces, for Appellant.

Beverly J. Singleman, Hubert & Hernandez, P.A., Las Cruces, for Appellees Fred Lee Hayes and Mary Virginia Rector.

Elizabeth M. Fisher, Las Cruces, Pro se Defendant.

## OPINION

DONNELLY, Judge.

{1} Plaintiff Glenn E. Harrell, individually and as the personal representative of the Estate of Maureen V. Hayes, deceased, appeals from an order granting the motion of Fred Lee Hayes and Mary Virginia Rector (Defendants) to dismiss his complaint for lack of personal jurisdiction. The single issue presented on appeal is whether the activities of Defendants subjected them to the jurisdiction of the New Mexico courts under this state's long-arm statute. NMSA 1978, § 38–1–16 (1971). For the reasons discussed herein, we affirm.

## FACTS AND PROCEDURAL POSTURE

{2} In November 1993 James A. Hayes (Husband) and Maureen V. Hayes (Wife), an elderly couple, were both discovered to have died from natural causes in their apartment in Las Cruces, New Mexico. A medical investigation revealed that Husband predeceased Wife; however, there was no indication as to the length of time Wife survived Husband. Decedents died intestate and without any surviving children.

{3} On February 15, 1994, Janis D. Rogers, Husband's niece, a resident of Carrolton, Texas, filed a petition with the district court of Doña Ana County, New Mexico, in Cause No. PB–94–26 (the probate action), seeking to be appointed as the personal representative of the estates of Husband and Wife. Both Defendants filed a form that was a renunciation of the right to be personal representative and a nomination of Janis D. Rogers as personal representative in the probate action. On March 25, 1994, the district court entered an order determining that the decedents died intestate, appointing Rogers as the personal representative *of Husband's estate,* and finding that Defendant Fred Lee Hayes, a brother of Husband, and Defendant Mary Virginia Rector, a sister of Husband, were the only known surviving heirs of Husband. Both of these Defendants are residents of Texas.

{4} Letters of administration were issued by the district court to Rogers. Thereafter, Rogers published notice of her appointment as personal representative in a newspaper of general circulation in Doña Ana County, New Mexico, and in the *Fort Worth Star Telegram* in Tarrant County, Texas.

{5} On October 12, 1994, Rogers filed a sworn statement as personal representative in the probate action, pursuant to NMSA 1978, § 45–3–1003 (1993), reciting in pertinent part:

1. I am the Personal Representative of the Estate of James Arthur Hayes, Deceased.

2. My uncle James Arthur Hayes had no creditors except his monthly bills which I have paid. I have determined that the time limited for presentation of creditor's claims has expired.

3. I have fully administered the estate of the decedent by making payment, settlement or other disposition of all claims that were presented, expenses of administration, and the assets of the estate have been distributed to the persons entitled.

4. I have sent a copy of this statement to the distributees of the estate, and I have furnished a full account in writing of the Personal Representative's administration to them.

Section 45–3–1003 permits a personal representative, unless prohibited by order of the district court or in supervised administration proceedings, to close an estate by entering a sworn statement indicating that the estate has been fully administered; that all claims against the estate have been denied or paid; and that the assets of the estate have been distributed.

{6} In August 1995 Wife's heirs, Glenn E. Harrell, R.G. Harrell, and Estate of William T. Harrell, Sr., learned of Wife's death and, thereafter, on August 7, 1995, Plaintiff filed a petition for an adjudication of Wife's intestacy in the same probate action which had originally been initiated by Rogers. Plaintiff also requested that he be appointed the personal representative of Wife's estate. Plaintiff's petition stated, in part, that Rogers had previously petitioned that she be appointed the personal representative of both Husband's and Wife's estates and, although the district court had appointed Rogers to serve as personal representative of Hus-

band's estate, no order granting Roger's request to act as Wife's personal representative had ever been entered or approved.

{7} Plaintiff's petition also alleged that Wife was survived by Plaintiff, R.G. Harrell, and Estate of William T. Harrell, Sr., her brothers, Jennifer Hill, a niece, and William T. Harrell, Jr., a nephew. On October 3, 1995, Elizabeth Fisher entered her appearance as New Mexico counsel for Rogers and Defendants and filed a motion to dismiss Plaintiff's petition. Fisher also filed a motion pursuant to Rule 1–060 NMRA 1998 in the probate action asking the district court to clarify its prior order dated March 25, 1994, determining intestacy and heirship and appointing the personal representative.

{8} Fisher's Rule 1–060 motion asserted that the district court's prior order inadvertently omitted the following language: " 'James Arthur Hayes is the true and rightful heir and sole successor owner of the community property the parties owned at their deaths.' " On November 21, 1995, the district court granted Defendants' motion to amend the March 25, 1994, order.

{9} On October 11, 1996, the district court granted Plaintiff's petition to appoint a personal representative for Wife's estate and denied Defendants' motion to dismiss the petition for probate brought by Wife's heirs. The district court also ruled that "[t]he Amended Order of Determination of Intestacy and Heirship and of Formal Appointment of Personal Representative entered by this Court on November 21, 1995 is hereby modified to provide that the only heirs of [Wife] are [Glenn E. Harrell, R.G. Harrell, and the Estate of William T. Harrell, Sr.]. . . ." The district court's ruling in Doña Ana District Court Cause No. PB–94–26 is presently pending before this Court in a separate appeal.

{10} Following the appointment of Plaintiff as the personal representative of Wife's estate, Plaintiff filed suit in the present case (Doña Ana County District Court Cause No. CV–96–984), against Defendants, Rogers, and Fisher, alleging that Rogers had erroneously distributed property to Defendants. The complaint sought, among other things, restitution, the return of property owned by Wife, and damages. Fisher was personally served with a copy of the complaint and summons in New Mexico. Defendants were served with summons and copies of the complaint in Texas. Thereafter, another attorney entered a special appearance in the present case on behalf of Defendants and moved to dismiss the lawsuit for lack of personal jurisdiction. On January 21, 1997, the district court granted that attorney's motion to dismiss Defendants in this case because of lack of personal jurisdiction. Plaintiff filed a timely appeal to this Court.

## STANDARD OF REVIEW

■ {11} In reviewing an appeal from an order granting or denying a motion to dismiss for lack of personal jurisdiction, the determination of whether personal jurisdiction exists is a question of law, which an appellate court reviews de novo when the relevant facts are undisputed. *See Morgan Bank (Delaware) v. Wilson,* 164 Ariz. 535, 794 P.2d 959, 960 (App.1990). If the district court's ruling on the motion to dismiss is based upon pleadings and affidavits, the standard of review largely mirrors the standard involving appeals from the grant or denial of motions for summary judgment. *See Doe v. Roman Catholic Diocese of Boise, Inc.,* 1996–NMCA–057, 121 N.M. 738, 742, 918 P.2d 17, 21; *see also Mann v. Coonrod,* 125 Idaho 357, 870 P.2d 1316, 1318 (1994). In the instant case the underlying material facts are not disputed.

## APPLICABILITY OF LONG–ARM STATUTE

{12} Plaintiff asserts that the district court erred in quashing service upon Defendants and dismissing Plaintiff's complaint against them for restitution and damages. In furtherance of this argument, Plaintiff contends that Defendants were not Wife's heirs, that they wrongfully took possession of property belonging to Wife's estate, and that they are liable to Plaintiff "for the value of such assets, including the reasonable rents, profits, interest and income thereon." Plaintiff asserts that the acts of Defendants in wrongfully taking possession of Wife's assets constitutes a tortious act (conversion), thereby subjecting them to the personal jurisdic-

tion of the district court in the present case under the New Mexico long-arm statute. Plaintiff also contends that Defendants engaged in business in New Mexico by purposely availing themselves of the privilege of conducting activities in New Mexico, by contesting the right of Plaintiff to be appointed the personal representative of Wife's estate in the Doña Ana District Court Cause No. PB–94–26, and by employing Fisher, a New Mexico attorney, to represent them in the probate action.

{13} Defendants argue that Plaintiff has no authority to act as the personal representative of Wife's estate to initiate these proceedings because the court, in PB–94–26, erred in appointing Plaintiff as the personal representative of Wife's estate and such cause is presently pending before this Court in a separate appeal. Alternatively, Defendants assert that the district court in the present case properly granted dismissal herein because the court lacked personal jurisdiction over Defendants. We need not resolve in this appeal the issue of whether the district court, in PB–94–26, erred in appointing Plaintiff as the personal representative of Wife's estate because we determine that in any event the district court herein properly determined that it lacked personal jurisdiction over Defendants.

{14} New Mexico's long-arm statute, Section 38–1–16, provides in applicable part:

A. Any person, whether or not a citizen or resident of this state, who in person or through an agent does any of the acts enumerated in this subsection thereby submits himself or his personal representative to the jurisdiction of the courts of this state as to any cause of action arising from:

(1) the transaction of any business within this state;

. . .

(3) the commission of a tortious act within this state[.]

{15} We first examine Plaintiff's assertion that the acts of Defendants, set forth in Plaintiff's complaint, constitute tortious conduct within the meaning of this state's long-arm statute. We find this argument unpersuasive. Even accepting the facts as alleged in Plaintiff's complaint to be true, the district court concluded that Plaintiff failed to make a prima facie showing that Defendants committed a tortious act in New Mexico so as to render them subject to the personal jurisdiction of the district court in the present action. We agree. The acts of Defendants in passively receiving distribution of funds or property in Texas, pursuant to the action of the personal representative in this state, were insufficient to establish the commission of a tort in New Mexico.

{16} Conversion consists of the receipt or taking possession of personal property of another to the exclusion or in defiance of the owner's rights, unauthorized or injurious use of such property, or the wrongful retention of such property following a demand for its return. *See Nosker v. Trinity Land Co.*, 107 N.M. 333, 337–38, 757 P.2d 803, 807–08 (Ct. App.1988); *Bowman v. Butler*, 98 N.M. 357, 360–61, 648 P.2d 815, 818–19 (Ct.App.1982); *see also* Restatement (Second) of Torts § 222 A (1965); *cf. Jones v. Beavers*, 116 N.M. 634, 639, 866 P.2d 362, 367 (Ct.App.1993) (conversion exists when defendant has unlawfully exercised dominion and control over personal property of another and wrongfully detained such property after demand has been made for its return).

{17} Under New Mexico's version of the Uniform Probate Code, NMSA 1978, § 45–3–908 (1975), a personal representative is expressly empowered to "recover the assets [of an estate] or their value if the distribution was improper." Similarly, NMSA 1978, § 45–3–909 (1975) of the Probate Code authorizes a personal representative to bring an action to recover assets which have been erroneously distributed. Under Section 45–3–909, "a distributee of property improperly distributed or paid . . . is liable to return the property improperly received" or to return its value and any income or gain received therefrom if he or she no longer has such property.

{18} Even if we were to assume, arguendo, that Defendants failed to return previously distributed estate assets following the entry of a court order finding that Defendants were not the lawful heirs of Wife's estate and

that these acts constituted a wrongful conversion, nevertheless, the tortious conduct must occur in New Mexico in order to bring such conduct within the reach of this state's long-arm statute. Although Plaintiff contends that the misapplication of estate assets occurred when the personal representative misapplied the funds and forwarded the assets to Defendants from New Mexico, there is no showing that Defendants engaged in or committed any wrongful acts in New Mexico. *See Doe*, 1996–NMCA–057, 121 N.M. at 744, 918 P.2d at 23 (it is the acts of the defendant, not the acts of a third party, that must provide basis for this state to exercise jurisdiction over the defendant). It is undisputed that both Hayes and Rector received the funds remitted to them in Texas from the New Mexico probate proceedings. Thus, there is no showing that any conversion of estate funds or property took place in New Mexico by appearing and defending in the probate court.

■ {19} We turn next to an examination of Plaintiff's claim that the district court erred in refusing to find that Defendants engaged in the "transaction of business" in New Mexico, thereby subjecting themselves to the jurisdiction of the New Mexico courts. Plaintiff, relying in part upon *In re Casey*, 145 A.D.2d 632, 536 N.Y.S.2d 158 (App.Div. 1988) (Mem.), additionally asserts that the acts of Defendants in accepting the erroneous distribution of assets of the decedents' estates, coupled with the administration of probate proceedings in New Mexico, amounted to the transaction of business in New Mexico and was sufficient to establish personal jurisdiction over them. We do not find *In re Casey* persuasive under the facts existing here. While it is true that the court in *In re Casey* found that it had personal jurisdiction over the defendants, the court relied upon a specific statute enacted by the New York Legislature, which declared that the "receipt and acceptance of any property paid or distributed ... as part of the administration of an estate ... shall constitute a submission ... to the jurisdiction of the court...." N.Y.Surr.Ct.Proc.Act § 210(2)(b) (Consol.1990); *see also In re Estate of Schreiter*, 169 Misc.2d 706, 647 N.Y.S.2d 69, 72 (Sur.Ct.1996) (determining existence of personal jurisdiction over nondomiciliary based on provisions of New York statute). New Mexico's Probate Code contains no counterpart to this New York statute.

{20} The district court properly determined that the mere passive delivery and acceptance by Defendants in Texas of the estate assets distributed to them by the personal representative in Cause No. PB–94–26, did not constitute engaging in or "doing business" in New Mexico. *See Benally ex rel. Benally v. Amon Carter Museum of Western Art*, 858 F.2d 618, 626 n. 4 (10th Cir.1988) (noting that passive receipt of distribution of probate assets alone is insufficient to subject nonresident to New Mexico's long-arm statute); *Gordon v. Granstedt*, 54 Haw. 597, 513 P.2d 165, 170 (1973) (receipt of probate assets together with filing documents in probate action that nominated personal representative were insufficient to confer jurisdiction).

■ {21} Plaintiff also argues that the acts of Defendants in retaining a New Mexico attorney to contest his appointment as personal representative in Cause No. PB–94–26 following their receipt of estate assets constitutes a sufficient basis to find that Defendants transacted business in New Mexico. Whether an individual has engaged in the "transaction of any business" in this state within the meaning of this state's long-arm statute is determined by examining the facts of each individual case. *See Telephonic, Inc. v. Rosenblum*, 88 N.M. 532, 534, 543 P.2d 825, 827 (1975). As observed in Restatement (Second) of Conflict of Laws Section 35, comment a, at 142 (1971), "[d]oing business," consists of "doing a series of similar acts for the purpose of thereby realizing pecuniary benefit, or otherwise accomplishing an object, or doing a single act for such purpose with the intention of thereby initiating a series of such acts." The term "transaction of business," as used in the long-arm statute, is not restricted solely to commercial activity; instead, the words employ a broader meaning. *See Woodring v. Hall*, 200 Kan. 597, 438 P.2d 135, 144 (1968) (" '[B]usiness' is transacted within the state when an individual is within or enters this state [either] in person or by [an] agent and ... effectuates or attempts to effectuate a purpose to improve his economic conditions and satisfy his desires."); *see also*

*United Nuclear Corp. v. General Atomic Co.,* 91 N.M. 41, 42, 570 P.2d 305, 306 (1977) (this state's long-arm statute extends reach of New Mexico courts to furthest extent constitutionally permissible).

{22} However, under the circumstances shown here, we do not believe Defendants' subsequent acts of hiring counsel in Cause No. PB–94–26 conferred personal jurisdiction over them in the instant case. *See Doe,* 1996–NMCA–057, 121 N.M. at 744, 918 P.2d at 23 ("As a general rule, ... personal jurisdiction may not be established by events which have occurred after the acts which gave rise to Plaintiff's claims."). The distribution of estate assets to Defendants in Texas was not due to any action taken by Defendants in New Mexico. *Cf. Gordon,* 513 P.2d at 170 (payment of estate assets together with conducting post-distribution litigation to block return of those assets were insufficient to confer jurisdiction). We express no opinion on what relief Plaintiff may obtain against these Defendants in the probate action.

*CONCLUSION*

{23} The order dismissing Plaintiff's complaint for lack of personal jurisdiction is affirmed.

{24} IT IS SO ORDERED.

PICKARD and ARMIJO, JJ., concur.