**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**PHELISHA GUTIERREZ and
JOSLYN BUSTAMANTE,**

Petitioners-Appellees,

v.                                                                                          **NO. 29,209**

**ANDREW JARAMILLO,**

Respondent-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY
Linda M. Vanzi, District Judge**

Thomas Smidt, II
Albuquerque, NM

for Appellees

Kelley Law Offices
Cody K. Kelley
Charlotte L. Itoh
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**KENNEDY, Judge.**

Respondent appeals from the district court's order removing and replacing him as personal representative and trustee in a probate matter. We issued a calendar notice proposing to summarily dismiss the appeal as premature. Respondent filed a timely

memorandum in opposition and Petitioners filed a timely memorandum in support, which we have duly considered. Unpersuaded by Respondent, we dismiss.

**DISCUSSION**

We proposed to summarily dismiss Respondent's appeal because it does not appear that Respondent is appealing from a final order. The New Mexico Uniform Probate Code provides that "each proceeding before the district court is independent of any other proceeding involving the same estate." NMSA 1978, § 45-3-107 (1975). Our cases have interpreted that provision to mean that the claims and issues raised in a particular petition frame the scope of the proceeding. *In re Estate of Newalla*, 114 N.M. 290, 294, 837 P.2d 1373, 1377 (Ct. App. 1992). Thus, "each petition in a probate file should ordinarily be considered an independent proceeding, so that an order disposing of the matters raised in the petition should be considered a final, appealable order." *Id.*

In this case, we were concerned in the calendar notice that the order removing and replacing Respondent as personal representative and trustee does not resolve all matters raised in the petition. The petition seeking Respondent's removal and replacement also raises a claim for breach of fiduciary duty and asks for damages. [RP 100-101] The district court's order does not resolve this claim and does not certify the removal issue for immediate appeal pursuant to Rule 1-054(B)(1) NMRA. [RP 214]

In our calendar notice, we noted that there is no indication in the record or docketing statement that the breach of fiduciary duty claim was dismissed. *See Gates v. N.M. Taxation & Revenue Dep't*, 2008-NMCA-023, ¶ 15, 143 N.M. 446, 176 P.3d 1178 (construing a partial summary judgment as a final order giving the appellate court jurisdiction after the parties stipulated to dismiss individual claims pursuant to Rule 1-015(A) NMRA). In response, both parties acknowledge that the breach of fiduciary duty claim has not been dismissed and is still pending. [MIO 3; MIS 2-3] Thus, the order removing Respondent and appointing a new personal representative and trustee does not dispose of all matters raised in the petition.

Although the breach of fiduciary duty claim has not been resolved, Respondent contends that the claim should not have been included in the petition. [MIO 3] Respondent asserts that a cause of action for breach of fiduciary duty did not arise until the district court removed Respondent as personal representative, relying on *Bowman v. Butler*, 98 N.M. 357, 648 P.2d 815 (Ct. App. 1982). [Id.] We do not read *Bowman* as supporting Respondent's position. Rather, we agree with Petitioners [MIS 2 n. 1] that *Bowman* merely holds that under the facts of that particular case the cause of action for breach of fiduciary did not arise until the death of the husband, who was the personal representative of the wife's estate, and as a result the claim against the husband's estate was not barred as untimely under the Probate Code. *Id.* at 360-62,

3

648 P.2d at 818-20. In any event, Respondent's arguments concerning *Bowman* should have been made to the district court. If Petitioners' claim was improper, Respondent should have sought its dismissal and then would be appealing from a final order. In the alternative, Respondent could have requested the district court to certify the order for interlocutory appeal. *See* Rule 1-054(B)(1); NMSA 1978, § 45-1-308 (1975) (providing that interlocutory appeals in probate matters are governed by the rules of civil procedure).

Respondent also argues that the claim for breach of fiduciary duty is independent of the claim seeking his removal and replacement and thus should not affect the finality of the order from which he is appealing. [MIO 3] We are more persuaded by Petitioners' response that Respondent's removal as personal representative and trustee does not independently determine the finality of an order when other issues raised in the petition are still pending. [MIO 4] *See Newalla*, 114 N.M. at 294-95, 837 P.2d 1377-78 (recognizing that when a petition combines a request for formal probate and a request for an order appointing a personal representative the order ordinarily is final and appealable only when both matters have been decided). Because the issue of Respondent's removal and replacement was not the only issue raised in the petition, and not all issues raised in the petition were resolved, we hold that this appeal is premature and should be dismissed.

**CONCLUSION**

For these reasons, and those in the calendar notice, we dismiss this appeal.

**IT IS SO ORDERED.**

_____
**RODERICK T. KENNEDY, Judge**

**WE CONCUR**:


_____
**JONATHAN B. SUTIN, Judge**


_____
**ROBERT E. ROBLES, Judge**