610 P.2d 195

**Glen L. HOUSTON and Theodore R. Johnson, Gary D. Reagan, Glen L. Houston, and John T. Porter, d/b/a Williams, Johnson, Houston, Reagan & Porter, Petitioners,**

v.

**Jo Ann YOUNG, Respondent.**

**No. 12861.**

Supreme Court of New Mexico.

April 30, 1980.

Rehearing Denied May 15, 1980.

Shaffer, Butt, Thornton & Baehr, Stephen M. Williams, Albuquerque, Richards & Nelson, Robert E. Richards, Stout & Stout, Lowell Stout, Hobbs, for petitioners.

Pedro P. Palacios, Alfred M. Carvajal, Albuquerque, for respondent.

## OPINION

FEDERICI, Justice.

Appellant (plaintiff), brought a malpractice suit against appellees (defendants). In her complaint, plaintiff alleged that she had retained the defendants to pursue a claim against the estate of her husband. The complaint states that defendants negligently failed to assert and pursue a claim on behalf of plaintiff of a property interest in the separate property of the deceased pursuant to Section 29–1–9, N.M.S.A. 1953,[1] and that as a result, she lost part of her community property interest in the estate.

Defendants filed a motion to dismiss the complaint for failure to state a claim upon which relief could be granted. The trial court sustained the motion and dismissed the case with prejudice. Plaintiff appealed. The Court of Appeals reversed, with Judge Andrews dissenting. This Court granted certiorari. We reverse the Court of Appeals and affirm the district court.

Defendants are attorneys at law who represented plaintiff in the probate of her husband's estate, and plaintiff contends that defendants failed to file a claim against the estate on her behalf, based originally upon Section 29–1–9, but eventually upon Section 31–8–3, N.M.S.A. 1953 (Supp.1975).

There appears to be some confusion in both the trial court and the Court of Appeals as to the particular statute under which plaintiff's claim is alleged to have arisen. In the complaint, paragraph 16, plaintiff alleges that defendants were negligent in "failing to assert and pursue a claim on behalf of plaintiff of a property interest in the separate property of the deceased pursuant to N.M.S.A. 29–1–9 . . . ." Section 29–1–9 provided that community property belongs to the surviving spouse subject to the deceased's power of testamentary disposition over one-half of the community property. At the trial, during argument on the motion to dismiss, plaintiff's attorney stated that the statute upon which plaintiff relied was Section 31–8–3, and not Section 29–1–9. Section 31–8–3

---

**1.** The decedent died in 1971, thus the law prior to the Uniform Probate Code is involved.

requires *creditors* to file claims against an estate within a four-month period. In addition, we note that plaintiff's argument in her brief in chief is that plaintiff claimed that defendants did not file a creditor's claim against the estate within the four months prescribed by Section 31–8–3. In her brief, plaintiff states:

> The Complaint alleged that defendants had negligently failed to properly present her claim within the period prescribed by Section 31–8–3, N.M.S.A. 1953 Comp., which was applicable at the time of decedent's death.
>
> . . . . .
>
> . . . Under Plaintiff's theory of her case as encompassed in her Complaint, the Defendant Attorneys should have, in the exercise of skill and diligence, filed her claim against the Estate "within four (4) months of the first publication of notice of the appointment of the executor . . . ."

So it appears quite clear to us that plaintiff's theory of the case as argued by her attorney in the trial court and in the Court of Appeals was that the defendants caused her to lose her community property by failing to file a creditor's claim on her behalf within four months, as prescribed by Section 31–8–3. But, that was not the proper claim upon which relief could be granted, and the trial court properly dismissed the complaint. The trial court apparently concluded that the complaint did not state a claim upon which relief could be granted since the widow was not a creditor who was required to make a claim within four months in order to preserve her community property interest.

■ A widow's one-half community property interest belongs to her and does not become a part of her deceased husband's estate. *See* Section 29–1–9, N.M. S.A. 1953; *Reed v. Nevins*, 77 N.M. 587, 425 P.2d 813 (1967); *In re Stutzman's Estate*, 57 N.M. 710, 262 P.2d 990 (1953); J. Wood, *The Community Property Law of New Mexico* (1954) (a report to the Senate Interim Committee on Community Property). The widow was not required nor permitted to file a claim as a *creditor* under Section 31–8–3 to preserve, protect or assert her community property interest under Section 29–1–9. Section 29–1–9 and Section 31–8–3 present two completely different theories of the case. Plaintiff was not a creditor and had no claim under Section 31–8–3. The trial court properly dismissed the complaint with prejudice.

■ This brings us to the consideration of another issue. A majority of the Court of Appeals held (Andrews, J., dissenting) that even if no claim had been stated, our rules and case law require that amendments to pleadings should be freely allowed, citing N.M.R.Civ.P. 15(a), N.M.S.A. 1978, and *Malone v. Swift Fresh Meats Co.*, 91 N.M. 359, 574 P.2d 283 (1978). We have no quarrel with that principle. Trial courts have that power and discretion. However, in this case, the Court of Appeals granted plaintiff permission to amend her complaint so that in the future the complaint could withstand proper motions. The record shows that no motion to amend was made by plaintiff at the trial court level. She cannot now amend on appeal, nor may the Court of Appeals grant her that right in this case. Amendments which alter or change the theory of a case are not permitted on appeal. *Johnson v. Downs et al.*, 28 N.M. 210, 210 P. 224 (1922). The right to amend terminates upon entry of a final order or judgment. *Malone, supra.*

The judgment of the trial court is affirmed.

IT IS SO ORDERED.

SOSA, C. J., and PAYNE and FELTER, JJ., concur.