This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-38913

**JESSE WATSON,**

Plaintiff-Appellant,

v.

**ADDUS HEALTHCARE, INC. and
CELESTINA QUIROZ,**

Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY
Marci E. Beyer, District Court Judge**

Fuqua Law & Policy, P.C.
Scott Fuqua
Santa Fe, NM

Sloan, Hatcher, Perry, Runge, Robertson, Smith & Jones
John D. Sloan, Jr.
Longview, TX

Slate Stern, P.C.
Slate Stern
Santa Fe, NM

for Appellant

Lewis Brisbois Bisgaard & Smith, LLP
Gregory L. Biehler
Elizabeth G. Perkins
Albuquerque, NM

for Appellees

**MEMORANDUM OPINION**

**ATTREP, Chief Judge.**

**{1}**     Plaintiff Jesse Watson appeals the district court's order dismissing his complaint for failure to state a claim. We affirm.

**BACKGROUND**

**{2}**     The incident giving rise to this lawsuit involved Plaintiff; his girlfriend, Defendant Catalina Quiroz; and her twin sister and Plaintiff's caregiver, Defendant Celestina Quiroz, who worked for Defendant Addus Healthcare, Inc. (Addus) as a home health caregiver. At the time of the incident, Plaintiff, Catalina, and Celestina lived together at a property owned by Catalina and Celestina's mother, Defendant Connie Quiroz.[1] Plaintiff alleged that he was lit on fire and suffered life-altering injuries. Plaintiff's theory as to who was responsible for the fire varied over the four complaints he filed in this case. In his original complaint, Plaintiff alleged that Celestina threw gasoline on him as he was lighting a cigarette. In his first and second amended complaints, Plaintiff alleged that both Celestina and Catalina threw gasoline on him. In his third and final amended complaint (TAC), Plaintiff alleged that only Catalina threw gasoline on him. Plaintiff sued Connie, Catalina, Celestina, and Addus, making claims of negligence; negligent hiring, retention, and supervision; and vicarious liability.

**{3}**     Celestina and Addus (collectively, Defendants) filed a Rule 1-012(B)(6) NMRA motion to dismiss the TAC.[2] Defendants argued Plaintiff's claims for negligence and vicarious liability failed as a matter of law because the TAC did not allege that Celestina had a special relationship with, or duty of control over, Catalina, who allegedly caused Plaintiff's injuries. Defendants further argued that Plaintiff's claim for negligent hiring, retention, and supervision failed as a matter of law because no reasonable jury could conclude any alleged negligence by Addus proximately caused the third-party attack by Catalina.

**{4}**     In his response to Defendants' motion, Plaintiff disregarded the facts pled in the TAC and failed to contend that these facts could survive dismissal. Instead, Plaintiff advanced a different theory of liability—that he attempted suicide by pouring gasoline on himself and lighting himself on fire. In an apparent effort to force the district court to consider this unpled theory, and thereby transform the motion to dismiss into one for summary judgment, Plaintiff raised numerous unpled facts and attached nearly 125 pages of exhibits to his response. After holding a hearing, the district court granted the motion and dismissed the TAC with prejudice. This appeal followed.

**DISCUSSION**

**{5}**     Plaintiff, much like he did below, dedicates the vast majority of his briefing to discussing why the facts underlying his unpled suicide-attempt theory warrant reversal of the district court's order. Given the absence of the suicide-attempt theory from the

---

[1]Defendants are referred to herein by their first names, given their common last name.

[2]Connie and Catalina were voluntarily dismissed from this lawsuit and are not parties to this appeal.

TAC, however, the viability of this argument is dependent upon the district court's having converted Plaintiff's motion into one for summary judgment.[3] *Compare, e.g.*, *Ruegsegger v. W. N.M. Univ. Bd. of Regents*, 2007-NMCA-030, ¶ 11, 141 N.M. 306, 154 P.3d 681 ("A motion to dismiss for failure to state a claim under Rule 1-012(B)(6), *tests the legal sufficiency of the complaint*, accepting all well-pleaded factual allegations as true." (emphasis added) (internal quotation marks and citation omitted)), *with City of Albuquerque v. BPLW Architects & Eng'rs, Inc.*, 2009-NMCA-081, ¶ 7, 146 N.M. 717, 213 P.3d 1146 ("On appeal from the grant of summary judgment, we ordinarily *review the whole record* in the light most favorable to the party opposing summary judgment to determine if there is any evidence that places a genuine issue of material fact in dispute." (emphasis added)). *See generally Barreras v. N.M. Corr. Dep't*, 1992-NMSC-059, ¶¶ 22-23, 114 N.M. 366, 838 P.2d 983 (providing that the plaintiffs' arguments relating to a claim not asserted in the complaint will not be considered for the first time on appeal and will not provide a basis for reversal); *Houston v. Young*, 1980-NMSC-053, ¶ 7, 94 N.M. 308, 610 P.2d 195 ("Amendments which alter or change the theory of a case are not permitted on appeal."). Because we conclude that Defendants' motion was not so converted, Plaintiff's contentions pertaining to the unpled suicide-attempt theory do nothing to persuade us of error. We explain.

## I.      Defendants' Motion to Dismiss Was Not Converted Into a Motion for Summary Judgment

**{6}**      Plaintiff, in his brief in chief, simply assumes the district court order was one for summary judgment. In their answer brief, Defendants contend the district court treated their motion as one to dismiss and did not consider matters outside the pleadings. Specifically, according to Defendants, the district court granted their motion to dismiss because Plaintiff's TAC, as pled, failed to establish that they had a duty to protect Plaintiff from being harmed by Catalina and that no reliance on matters outside the

---

3Plaintiff never sought leave from the district court to amend the TAC to conform to the suicide-attempt theory, notwithstanding that Plaintiff was aware of facts supporting this theory before he filed his second amended complaint. We question whether Plaintiff's reliance on an unpled theory is a permissible tactic in resisting a Rule 1-012(B)(6) motion. To advance new theories or claims in opposition to a dispositive motion, the usual course is for a plaintiff to move the district court for leave to file an amended complaint with the new theory or claim. *See Dunn v. McFeeley*, 1999-NMCA-084, ¶ 13, 127 N.M. 513, 984 P.2d 760 (providing that a plaintiff's factual presentation in response to a motion to dismiss is understandable if done in conjunction with a motion to amend the complaint); see also Rule 1-015(A) NMRA (providing that "a party may amend its pleading only by leave of court or by written consent of the adverse party"); *Vernon Co. v. Reed*, 1967-NMSC-261, ¶ 3, 78 N.M. 554, 434 P.2d 376 (stating that once a responsive pleading has been filed, a party must seek leave of court to amend their complaint); *cf. Phoenix Funding, LLC v. Aurora Loan Servs., LLC*, 2017-NMSC-010, ¶ 41, 390 P.3d 174 ("A litigant may not assert a new claim . . . through argument in a brief supporting or opposing summary judgment or in a cross motion for summary judgment. Once a case has arrived at the summary judgment posture, the proper procedure for a plaintiff to assert a new claim is to amend his or her complaint."). Plaintiff, as noted, made no such motion. Nevertheless, for the purposes of this opinion, we assume, without deciding, that a plaintiff can resist a Rule 1-012(B)(6) motion by relying on an unpled theory without moving to amend their complaint if the Rule 1-012(B)(6) motion is converted into one for summary judgment. We thus proceed with analyzing whether such conversion occurred in this case.

pleadings was necessary to reach that determination. Plaintiff, in his reply brief, makes various arguments in opposition. We agree with Defendants.

**{7}** Rule 1-012(B) provides that a motion to dismiss shall be treated as a motion for summary judgment under Rule 1-056 NMRA if "matters outside the pleading are presented to and not excluded by the court." Even though the situation here might "fit[] the literal language of the Rule," this does not end our inquiry. *See Dunn*, 1999-NMCA-084, ¶¶ 6, 16-17 (determining that the plaintiff's submission of nearly 400 pages of attachments in his response to the defendants' motion to dismiss did not convert the motion into one for summary judgment); *see also Ruegsegger*, 2007-NMCA-030, ¶¶ 42-43 (determining that the plaintiff's attachment of an affidavit to her response to the defendants' motion to dismiss, and her "conclusory request" for summary judgment, did not convert the motion to dismiss into one for summary judgment); *Henning v. Rounds*, 2007-NMCA-139, ¶¶ 2-3, 142 N.M. 803, 171 P.3d 317 (presuming that the district court did not rely on letters attached to the plaintiff's response to the defendants' motion to dismiss, and declining to treat the motion to dismiss as a motion for summary judgment).

**{8}** In a case procedurally similar to this one, this Court in *Dunn* concluded that the defendants' motion to dismiss was not converted into a motion for summary judgment, notwithstanding the fact that "matters outside the pleadings [were] presented to and not excluded by the court," Rule 1-012(B), when the plaintiff attached 400 pages of documents to his response. *Dunn*, 1999-NMCA-084, ¶¶ 10-12, 14-17. Of significance to this determination, *Dunn* observed that the plaintiff's filing of attachments was "an unusual tactic" in opposing a motion to dismiss and emphasized that "[c]onversion from a motion to dismiss on the pleadings to a motion for summary judgment could rarely, if ever, benefit the party opposing the motion." *Id.* ¶ 13. This Court thus was reluctant to infer that the filing of attachments was an effort by the plaintiff to convert the motion to dismiss into one for summary judgment, particularly in the absence of an explicit request from the plaintiff to do so and in light of the plaintiff's expressed interest in pursuing further discovery. *Id.* ¶ 14. More importantly, however, this Court observed that the defendants and the district court both treated the matter as a motion to dismiss. *Id.* ¶ 15. The defendants in *Dunn* moved to dismiss under Rule 1-012(B)(6) and "restricted their arguments to the allegations of the amended complaint." *Dunn*, 1999-NMCA-084, ¶ 16. And the district court, based on an exchange with defense counsel, appeared to understand the purely legal nature of determining the sufficiency of a claim under Rule 1-012(B)(6). *See Dunn*, 1999-NMCA-084, ¶ 15.

**{9}** Applying the considerations from *Dunn*, we conclude Defendants' motion to dismiss was not converted into a motion for summary judgment and therefore this matter is governed by the Rule 1-012(B)(6) standard on appeal. *See Dellaira v. Farmers Ins. Exch.*, 2004-NMCA-132, ¶ 7, 136 N.M. 552, 102 P.3d 111 (reviewing the defendant's motion under the standard applicable to Rule 1-012(B)(6) dismissals when the matter was not converted into a motion for summary judgment).

**{10}**    Like the defendants in *Dunn*, Defendants here treated the matter as a motion to dismiss. *See* 1999-NMCA-084, ¶ 15. Defendants moved to dismiss pursuant to Rule 1-012(B)(6) for failure to state a claim upon which relief can be granted; they restricted their arguments to the allegations in the TAC; and they did not purport to rely on facts outside the TAC, including those contained in Plaintiff's response and attachments. *See Dunn*, 1999-NMCA-084, ¶ 16. And like the court in *Dunn*, the district court here treated the matter as a motion to dismiss. *See id.* ¶ 15. In particular, there is no indication in the record that the district court judge relied on matters outside the pleadings in ruling on the motion. When initially discussing her belief that Defendants' motion would prevail, the district court judge stated, "[A]s of the last complaint . . . I don't think there has been alleged, nor do I think there is, at least as it's pled, any right or ability to control the conduct of the person who last is supposed to have thrown the gasoline, which is Catalina." The judge then expressed dismay at Plaintiff's changing theories of liability—stating that "it is really expensive to have to defend or prosecute a complaint when the theory constantly changes" and "[t]hat's really not fair to anybody"—and briefly questioned whether another amended complaint by Plaintiff could even make out a claim for relief. Ultimately, the district court judge ruled, "At least as pled, I don't see, after the third amended complaint, that there is a cause of action that's stated." The judge's oral pronouncement makes it apparent that the district court here, like the court in *Dunn*, treated the matter as a Rule 1-012(B)(6) motion.

**{11}**    We acknowledge that this case differs somewhat from *Dunn* in that Plaintiff clearly expressed a desire, at least in his written response, to have Defendants' motion converted into one for summary judgment. Plaintiff, however, makes no contention that his unilateral request is sufficient on its own to convert the motion into one for summary judgment, and we therefore do not consider this possibility. *See Elane Photography, LLC v. Willock*, 2013-NMSC-040, ¶ 70, 309 P.3d 53 ("We will not review unclear arguments, or guess at what a party's arguments might be." (alteration, internal quotation marks, and citation omitted)). Instead, Plaintiff seems to argue that the district court's written order granting Defendants' motion to dismiss is ambiguous as to whether it covers only matters in the TAC or also covers the unpled suicide-attempt theory. We agree the written order is ambiguous in this regard. In the face of such an order, we look elsewhere in the record to discern its meaning; and, as discussed, the district court judge's oral pronouncement plainly indicated her intention to rule on Defendants' motion as a motion to dismiss. *See Fed. Nat'l Mortg. Ass'n v. Chiulli*, 2018-NMCA-054, ¶¶ 11, 14, 19, 425 P.3d 739 (providing that when an order or judgment is ambiguous, it may be construed in light of other portions of the record, including the trial judge's oral pronouncements); *see also Ledbetter v. Webb*, 1985-NMSC-112, ¶ 34, 103 N.M. 597, 711 P.2d 874 (providing that a trial court's verbal comments can be used to clarify a finding, but not to reverse it); *San Pedro Neighborhood Ass'n v. Bd. of Cnty. Comm'rs*, 2009-NMCA-045, ¶ 8, 146 N.M. 106, 206 P.3d 1011 (considering an oral ruling "as instructive in determining the court's intent where an ambiguity exists in the court's decision" (internal quotation marks and citation omitted)).

**{12}**    Next, in support of his contention that the motion was converted into a motion for summary judgment, Plaintiff argues that the district court "considered and rejected"

evidence of whether a special relationship existed between Plaintiff and Celestina. Plaintiff, however, does not support this argument with citations to the record showing that the district court judge in fact considered and rejected such evidence; and, in the absence of such proof, we will not conclude that the district court converted Defendants' motion. *See Dellaira*, 2004-NMCA-132, ¶ 7 (reviewing a motion under the Rule 1-012(B)(6) standard where "[t]here [wa]s nothing in the record indicating that the district court relied on exhibits submitted by [the p]laintiffs in opposition to [the] motion to dismiss"); *see also Santa Fe Exploration Co. v. Oil Conservation Comm'n*, 1992-NMSC-044, ¶ 11, 114 N.M. 103, 835 P.2d 819 (providing that when a party fails to cite any portion of the record to support its factual allegations, the appellate court need not consider its argument). In sum, Plaintiff's arguments do not convince us that this matter was converted into a motion for summary judgment. *See Farmers, Inc. v. Dal Mach. & Fabricating, Inc.*, 1990-NMSC-100, ¶ 8, 111 N.M. 6, 800 P.2d 1063 (stating that a trial court's actions are presumed to be correct and that an appellant "must affirmatively demonstrate" the trial court erred). We thus review the district court's decision under the Rule 1-012(B)(6) standard. *See Dellaira*, 2004-NMCA-132, ¶ 7.

**{13}** To the extent Plaintiff alternatively contends that the district court erred by limiting its inquiry to the facts alleged in the TAC in deciding Defendants' Rule 1-012(B)(6) motion, we are not persuaded. Plaintiff cites no authority for this contention and we therefore assume no such authority exists. *See Curry v. Great Nw. Ins. Co.*, 2014-NMCA-031, ¶ 28, 320 P.3d 482. What is more, this contention is at odds with the purpose and nature of Rule 1-012(B)(6). *See Ruegsegger*, 2007-NMCA-030, ¶ 11 (providing that a Rule 1-012(B)(6) motion tests the legal sufficiency of the well-pleaded factual allegations in a complaint); *Milliron v. Cnty. of San Juan*, 2016-NMCA-096, ¶ 5, 384 P.3d 1089 (providing that, in reviewing the sufficiency of a complaint under Rule 1-012(B)(6), "we are not permitted to consider facts not pleaded in order to make a plaintiff's claim provable"); *cf. Rivera v. Brazos Lodge Corp.*, 1991-NMSC-030, ¶ 3, 111 N.M. 670, 808 P.2d 955 ("A complaint must proceed upon a distinct and definite theory and upon that theory the case must stand or fall."). In short, Plaintiff does not convince us that the district court's consideration of only those facts alleged in the TAC in resolving Defendants' Rule 1-012(B)(6) motion to dismiss was error.[4] *See Farmers, Inc.*, 1990-NMSC-100, ¶ 8.

---

[4]Plaintiff makes other passing arguments in support of his contention that it was error for the district court to decide Defendants' motion based on only the facts alleged in the TAC. First, Plaintiff suggests the fact that the unpled suicide-attempt theory appeared elsewhere in the record obligated Defendants to defeat that theory to prevail on their motion. Plaintiff cites no authority in support of this suggestion and we therefore give it no consideration. *See ITT Educ. Servs., Inc. v. N.M. Tax'n & Revenue Dep't*, 1998-NMCA-078, ¶ 10, 125 N.M. 244, 959 P.2d 969 (providing that this Court will not consider propositions that are unsupported by citation to authority). Second, Plaintiff contends that when the district court dismissed the TAC, he "was in the midst of drafting a fourth amended complaint." Plaintiff, however, cites no authority for his apparent belief that a contemplated fourth amended complaint could serve as some impediment to dismissal and we therefore assume none exists. *See Curry*, 2014-NMCA-031, ¶ 28. Relatedly, Plaintiff criticizes Defendants' purported failure to address his "fourth amended complaint" below and in this Court. As discussed, however, Plaintiff never sought leave of the district court to file a "fourth amended complaint." In light of this, we are at a loss as to why it would be necessary or appropriate for Defendants to address Plaintiff's unfiled fourth amended complaint. Plaintiff's briefing

## II. Plaintiff's Reliance on the Unpled Theory Does Not Convince Us That the District Court Erred in Dismissing the TAC

**{14}** For the reasons discussed, this matter was not converted into a motion for summary judgment and our review therefore is governed by the Rule 1-012(B)(6) standard. *See Dellaira*, 2004-NMCA-132, ¶ 7. Under this standard, the operative question is whether the district court erred in concluding that the well-pleaded facts in the TAC failed to state a claim upon which relief can be granted. *See Ruegsegger*, 2007-NMCA-030, ¶ 11. Plaintiff makes no argument in this regard. Instead, as discussed, Plaintiff focuses on why the unpled suicide-attempt theory precludes the entry of judgment against him. Plaintiff's attempt to shift theories, however, does nothing to explain why the TAC stated a viable claim or to otherwise persuade us that the district court's order was erroneous. *Cf. Rivera*, 1991-NMSC-030, ¶ 3 (declining to consider plaintiff's argument on appeal because it was "based on [a] theory . . . not alleged in the complaint"). Stated simply, because Plaintiff has failed to challenge the conclusion upon which the district court based its order—that the TAC fails to state a claim—he has not met his burden on appeal to demonstrate that the district court erred. *See Farmers, Inc.*, 1990-NMSC-100, ¶ 8.

## CONCLUSION

**{15}** For the foregoing reasons, we affirm.

**{16} IT IS SO ORDERED.**

**JENNIFER L. ATTREP, Chief Judge**

**WE CONCUR:**

**MEGAN P. DUFFY, Judge**

**SHAMMARA H. HENDERSON, Judge**

---

sheds no light on why this might be, so we give these contentions no further consideration. *See Elane Photography*, 2013-NMSC-040, ¶ 70 ("We will not review unclear arguments, or guess at what a party's arguments might be." (alteration, internal quotation marks, and citation omitted)); *ITT Educ. Servs., Inc.*, 1998-NMCA-078, ¶ 10.